UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UAW LOCAL 961, ET AL.,

    Plaintiffs,

v.

FCA, ET AL.,

    Defendants.
_____/

Case No. 19-cv-10453

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [#15, #21] AND DENYING PLAINTIFFS' MOTION FOR EMERGENCY INJUNCTION [#2]**

**I. INTRODUCTION**

Plaintiff Michael Booth, president of UAW Local 961, filed this *pro se* action on behalf of himself and UAW Local 961 (hereinafter, "Plaintiffs"), alleging a violation of the Labor Management Relations Act ("LMRA"). Dkt. No. 1. Plaintiffs do not specify which provision(s) of the LMRA they allege Defendants violated. Nor do they set forth a factual basis for their allegations. Rather, Plaintiffs refer the Court to *United States v. Durden, et al.*, 17-cr-20406, a federal criminal case where several defendants were charged with and pled guilty to a conspiracy to violate section 302 of the LMRA, 29 U.S.C. § 186.

Present before the Court are three Motions: Plaintiffs' Motion for Emergency Injunction [#2], Defendant FCA USA LLC's Motion to Dismiss [#15], and Defendant UAW International's Motion to Dismiss [#21]. Plaintiffs have not filed a response to either Motion to Dismiss, and the time for doing so has expired. *See* E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."); *Scott v. State of Tenn.*, 1989 WL 72470, at *2 (6th Cir. July 2, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). The Court will resolve these matters without a hearing. E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT Defendants' Motions to Dismiss [#15, #21] and DENY Plaintiffs' Motion for Emergency Injunction [#2].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his or her factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). However, the Court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

**A. Plaintiffs Fail to State a Claim Upon Which Relief can be Granted.**

As stated at the outset, Plaintiffs Complaint alleges a violation of the LMRA based on the convictions of several defendants in a separate criminal matter, *United States v. Durden, et al.*, 17-cr-20406. There, the defendants were convicted of violating section 302 of the LMRA.

"Section 302 of the Labor Management Relations Act makes it a crime for an employer to willfully give money to a labor union, 29 U.S.C. § 186(a), and for a

labor union to willfully accept money from an employer, [29 U.S.C.] § 186(b)."
*Ohlendorf v. United Food & Commercial Workers Union, Local 876*, 883 F.3d 636, 640 (6th Cir. 2018). However, section 302 does not confer a private right of action. *See Ohlendorf*, 883 F.3d at 640-42. Hence, to the extent Plaintiffs bring this action pursuant to section 302 of the LMRA, the Court must dismiss the suit for a failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

The Court must also dismiss the suit to the extent Plaintiffs bring this action under any other section of the LMRA. Plaintiffs' statement of claim consists of only three sentences:

> FCA and International UAW violated Labor/Management Relations (Refer to 17-cr-20406). FCA and International UAW continue to negotiate the sale or transfer of MAP from FCA to LF. By this action, UAW Local 961 and it's [sic] members are affected by tainted relationship between FCA and International UAW.

*See* Dkt. No. 1, p. 5 (Pg. ID 5). These three sentences do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2). Indeed, the allegations are not tied to any specific provision of the LMRA, and thus, the Court cannot determine the grounds under which Plaintiffs are asserting a violation of the statute. Accordingly, the Court will dismiss this case for a failure to state a claim upon which relief can be granted. *See Performance*

*Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998) ("A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.").[1]

## B. Plaintiffs' Motion for Emergency Injunction is Denied as Moot.

Along with their Complaint, Plaintiffs filed a Motion for Emergency Injunction, asking the Court to prevent Defendants from selling a facility (Marysville Axle Plaint) where Plaintiffs operate. *See* Dkt. No. 2. However, in light of dismissing the Complaint in this case, the Court will Deny Plaintiffs' Motion as Moot.

## IV. CONCLUSION

For the reasons stated herein, the Court will GRANT Defendants' Motions to Dismiss [#15, #21] and DENY Plaintiff's Motion for Emergency Injunction [#2].

IT IS SO ORDERED.

Dated: May 28, 2019

                                                   s/Gershwin A. Drain
                                                   HON. GERSHWIN A. DRAIN
                                                   United States District Court Judge

---

[1] In addition, the Court finds that Plaintiff Booth, a non-attorney, cannot represent Plaintiff UAW Local 961 in this suit. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (holding an artificial entity may not be represented in federal court by a non-licensed attorney).

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 28, 2019, by electronic and/or ordinary mail.

                                        <u>s/Teresa McGovern</u>
                                        Case Manager